Opinion filed July 8, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00317-CR

                                                    __________

 

                                       BRIAN
VALLES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR34121

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Brian
Valles was indicted for the offense of aggravated robbery.  The jury found
Valles not guilty of aggravated robbery, but guilty of the lesser included
offense of robbery, and assessed his punishment at thirty-five years
confinement.  We affirm.           

I. 
Background Facts

            At
approximately three in the morning, three men entered Abraham Puenta’s bedroom
and demanded money.  One of the robbers was armed with a rifle, and he pointed
it at the back of Puenta’s neck.  Puenta recognized one of his assailants as
his brother-in-law’s nephew, Alex Garcia.  Garcia told Puenta not to do
anything stupid or they would kill him.  Puenta gave the robbers approximately $300. 
The robbers moved Puenta, still at gunpoint, to the kitchen to turn off the
kitchen light.  They then escorted him to his truck.  Puenta gave them more
money, and they fled down the street.

            Police
officers were dispatched to Garcia’s home and found three men walking outside. Garcia
fled when the police arrived, and the other two were detained.  Puenta arrived two
hours later to make an identification.  It was still dark outside, and the
officers used the headlights of a squad car to illuminate the suspects.  Puenta
identified Valles as the armed robber.  

II. 
Identification

            Valles
contends that he was denied due process because an impermissible pretrial “showup”
identification tainted his in-court identification.[1] 
Valles must show by clear and convincing evidence that the witness’s in-court
identification was so tainted as to give rise to a very substantial likelihood
of irreparable misidentification.  Madden v. State, 799 S.W.2d 683,
695-96 (Tex. Crim. App. 1990).  In-field showups are generally considered impermissibly
suggestive.  Wilson v. State, 267 S.W.3d 215 (Tex. App.—Waco 2008, pet.
ref’d).  We will, therefore, assume without deciding that the showup was
impermissible and focus on the likelihood that Valles was irreparably
misidentified.  

            To
determine whether a suggestive procedure gave rise to a substantial likelihood
of irreparable misidentification, we examine the totality of the
circumstances.  Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App.
1993).  The following factors and other pertinent considerations are weighed
against the corrupting effect of the suggestive identification:  (1) the
opportunity of the witness to view the criminal at the time of the crime; (2)
the witness’s degree of attention; (3) the accuracy of the witness’s prior
identification; (4) the level of certainty demonstrated by the witness at the
confrontation; and (5) the length of time between the crime and the
confrontation.  Id.   We consider these factors, all issues of
historical fact, deferentially in a light favorable to the trial court’s
ruling.  Loserth v. State, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998). 
We then weigh them de novo against the corrupting effect of the suggestive
identification.  Id. at 773-74.  

            The
first factor is the opportunity of the witness to view the criminal at the time
of the crime.  Puenta testified that he was alone with his robbers for twenty
to thirty minutes.  Although the robbery occurred in the early morning, Puenta
testified that he saw Valles in the bedroom, the kitchen, and at his truck. 
The second factor is the witness’s degree of attention.  The jury could infer
from these facts that Puenta was highly attentive.

            The
third factor is the accuracy of the witness’s pre-identification description of
the perpetrator.  Puenta described the gunman as a young, bald, thin, Hispanic
male who wore a white shirt and dark pants.  When Valles was detained, he was
wearing a white jersey and blue Dickies.  Valles points out that Puenta told the
police that he did not see any tattoos on the gunman even though Valles had a
large rose tattoo on his forearm.  The trial court took note that there was no
evidence of how long Valles had been tattooed and that the jersey he was
wearing had sleeves.  Detective Richard Candelaria testified that Puenta gave a
“pretty good description” of Valles.

            Puenta
expressed a very high level of certainty at the confrontation.  He expressed
“no doubt” that Valles held a rifle to his head and robbed him.  The final factor
is the time elapsed between the alleged offense and the out-of-court
identification.  The length of time that may elapse between the commission of a
crime and a showup is significant because the longer the period of time between
the two events, the greater the likelihood exists that suggestibility becomes a
factor in any identification.  Williams v. State, 243 S.W.3d 787, 791
(Tex. App.—Amarillo 2007, pet. ref’d).  The Court of Criminal Appeals has held
that a three-day delay between the offense and the identification was not a
lengthy delay in which a victim would tend to forget the physical
characteristics of the perpetrator.  See Jackson v. State, 657 S.W.2d
123, 130 (Tex. Crim. App. 1983).  Puenta identified Valles three to four hours
after he was robbed.

            Additionally,
we may consider other relevant considerations in evaluating the reliability of
the witness’s identification.  Delk, 855 S.W.2d at 706.  Puenta
recognized one of the robbers as his brother-in-law’s nephew, Garcia.  Valles
was found by the police shortly after the crime outside Garcia’s home walking
with two other men.  Teofilo Hernandez also testified that he had been with
Garcia, Valles, and another man he did not know on the night of the incident.  He
testified that the four of them walked toward Clay Street and that he stayed on
the street while the other three entered the back door of a residence. 
Hernandez testified that he did not know their plan and did not go inside.  He
remembered seeing them run from the house and rejoined them on their way back
to Garcia’s house.  

            Even
if we assume that the pretrial identification procedure was unnecessarily
suggestive, we cannot conclude that, under the totality of the circumstances and
in a light deferential to the trial court’s ruling, there existed a substantial
likelihood of misidentification.  The trial court did not err in admitting the
in-court identification, and Valles was not denied due process.  Valles’s sole issue
is overruled.

III. 
Conclusion

            The judgment of the
trial court is affirmed.

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

July 8, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]A showup has been defined as a pretrial identification
procedure in which a suspect is confronted with the victim or witness.  Unlike
a lineup, this is a one-on-one confrontation.  Wilson v. State, 267
S.W.3d 215, 217 n.1 (Tex. App.—Waco 2008, pet. ref’d).